## COMMONWEALTH *vs.* HENRY M'GRATH.

At the trial, on appeal from a pol'ce court, of a complaint for illegally selling intoxicating liquors, the complainant testified to two sales, and that they were the same which he had complained of and testified to in the police court. *Held*, that the fact that there was testimony of others in the police court, to other sales, was. of itself, immaterial.

COMPLAINT to the police court of Fitchburg against the defendant, for illegally selling intoxicating liquors. The defend-

ant was convicted, and appealed to the superior court. Trial in that court, and conviction, before *Putnam*, J., who allowed a bill of exceptions, of which the following is all that is now material:

" The defendant contended that the sales relied upon by the government for a conviction were other and different from those for which he was tried and convicted before the police court, and there was evidence that certain witnesses testified before the police court at that trial, who were not present at and had no knowledge of the sales testified to by the witness at this trial, and were not called as witnesses for the government at this trial and, for the purpose of showing that such was the fact, the following question was propounded to said witness: 'Did they testify before the police court to seeing this defendant make sales ?' .The judge excluded the question. The complainant, John W. Kimball, testified that the two sales which he complained of and testified to in the police court were the same which he testified to on this trial."

*G. F. Verry*, ( *G. A. Torrey* with him,) for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

WELLS, J. The question at the trial was, as to the identity of the sales then relied on for conviction with those for which the complaint was made and conviction had in the police court. Kimball, who was the complainant, testified that they were the same. It does not appear that any other testimony was offered by the government in the superior court. The defendant was not allowed to show, in cross-examination, that other witnesses testified to other sales before the police court. He did not claim to do so for the purpose of affecting the testimony of Kimball, or as a right of cross-examination, but only " for the purpose of showing that such was the fact." But that fact alone, if proved, would not warrant the jury in finding that the conviction in the police court was not for the sales which had been proved by Kimball's testimony. The defendant did not propose to prove any other fact, by means of which this would become material nor suggest to the court in what way it was to be made so. The other points raised at the trial are not relied upon here.

*Exceptions overruled.*